UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CURTIS L. MCBRIDE,<br><br>Plaintiff,<br><br>v.<br><br>RYAN HEAVILIN, et al.,<br><br>Defendants. | CAUSE NO. 3:22-CV-283-RLM-MGG |

OPINION AND ORDER

Curtis L. McBride, a prisoner without a lawyer, filed an amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. McBride alleges that he was sitting in his cell on August 10, 2020, when Officer A. Henderlong came to his cell door and told him there was a package for him. As Mr. McBride approached the cell door to retrieve the package, Officer Henderlong said, "give it here!" Mr. McBride was confused by Officer Henderlong's statement to which he replied, "I don't know what you're talking about." Officer Henderlong

ordered Mr. McBride to "cuff up now." Mr. McBride asked to speak to Officer Henderlong's supervisor.

Officer Henderlong left Mr. McBride's cell and returned with Officer Ryan Heavilin, who ordered Mr. McBride to cuff up for a cell shakedown. Officer Heavilin handcuffed Mr. McBride without double locking the cuffs and opened the cell door. As Mr. McBride was being escorted out of his cell, he told Officer Henderlong he was "really acting like a little pussy making something out of nothing." Officer Heavilin immediately charged at him, Mr. McBride says, causing him to be rammed into the wall. The assault caused pain and injury to his ribs and his head to bounce against the wall. His handcuffs were also tightened to the point where his wrists became painful.

When Mr. McBride complained to Officer Heavilin about his painful injuries, Officer Heavilin told him to "shut the **** up unless you're a little pussy now!" and escorted him to the custody hall. *Id*. Mr. McBride asked Officers Henderlong and Heavilin to loosen his handcuffs and to see the medical staff. His requests were denied, and he was placed in a holding cell where his injuries were left unchecked, and his handcuffs remained tightened on his wrists. Mr. McBride says the tight handcuffs remained on for hours, making it difficult to use the bathroom and to sleep. Mr. McBride says he filed a grievance against Officers Henderlong and Heavilin for forcing him to remain in tightened handcuffs and denying him medical care.

Under the Eighth Amendment, prisoners can't be subjected to cruel and unusual punishment. *See* Farmer v. Brennan, 511 U.S. 825, 833-834 (1994). The "core

requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. McBride the inferences to which he is entitled at the screening stage, he has stated a plausible Eighth Amendment claim of excessive force against Officer Heavilin for charging at him and causing him to be rammed against the wall.

To the extent Mr. McBride mighy be alleging that Officer Henderlong stood by and watched as Officer Heavilin charged at him, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. Miller v. Smith, 220 F.3d 491, 495 (7th Cir.2000) (citing Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994). Mr. McBride alleges that, after he made a derogatory comment to Officer Henderlong, Officer Heavilin immediately charged at him, causing him to be rammed against the wall. Based on Mr. McBride's allegations, it can't plausibly be inferred that Officer Heavilin's use of excessive force lasted long enough for Officer Henderlong to intervene. Mr. McBride hasn't stated a failure to intervene claim on which relief can be granted.

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must

3

satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Mr. McBride alleges he asked Officers Henderlong and Heavilin for medical care following the incident, but they denied his request. It can't be plausibly inferred that denying this request for medical care on a single occasion amounts to deliberate indifference to a serious medical need. Mr. McBride can't proceed against either Officer Henderlong or Officer Heavilin on a medical claim.

For these reasons, the court:

(1) GRANTS Curtis L. McBride leave to proceed against Officer Ryan Heavilin in his individual capacity for compensatory and punitive damages for using excessive force against him when he charged at him, causing him to be rammed against the wall on August 10, 2020, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Officer A. Henderlong;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Ryan Heavilin at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 5);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Ryan Heavilin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 17. 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT