UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CURTIS L. MCBRIDE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-283-RLM |
| RYAN HEAVILIN, | |
| Defendant. | |

OPINION AND ORDER

Curtis L. McBride, a prisoner without a lawyer, is proceeding in this case "against Officer Ryan Heavilin in his individual capacity for compensatory and punitive damages for using excessive force against him when he charged at him, causing him to be rammed against the wall on August 10, 2020, in violation of the Eighth Amendment[.]" ECF 9 at 4. On May 8, 2023, Officer Heavilin moved for summary judgment, arguing Mr. McBride didn't exhaust his administrative remedies before filing suit. ECF 18. With the motion, Officer Heavilin provided Mr. McBride the notice required by N.D. Ind. L.R. 56-1(f). ECF 20. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Under Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to

evidence supporting each dispute of fact. This deadline passed several weeks ago, but Mr. McBride hasn't responded. The time for ruling has come.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't just rely on allegations or denials in its own pleading, but rather must "present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "Strict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." Wienco, Inc. v. Katahn Assoc., Inc., 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.*; *see also* Marcure v. Lynn, 992 F.3d 625, 631 (7th Cir. 2021) ("Rule 56 imposes an affirmative obligation on a movant that we cannot ignore merely because a nonmovant provides no responsive arguments.").

Prisoners can't bring a case in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. §

1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015). Courts apply the exhaustion requirement strictly, Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), so the "prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).

Officer Heavilin provides an affidavit from the prison's Grievance Specialist, who attests to the following facts:[1] to exhaust a grievance, an offender must complete three steps: (1) a formal grievance; (2) a Level I appeal; and (3) a Level II appeal. On August 25, 2020, Mr. McBride submitted Grievance 117291, complaining correctional officers assaulted him on August 10. On September 4, 2020, the grievance office denied Grievance 117291 on its merits. Mr. McBride never appealed the grievance office's denial of Grievance 117291, as was required to fully exhaust the grievance.

Because it is undisputed Mr. McBride didn't fully exhaust Grievance 117291, and Mr. McBride provides no evidence he submitted any other relevant grievance or his administrative remedies were in any way unavailable, Officer Heavilin has met

---

[1] Because Mr. McBride has not responded to Officer Heavilin's summary judgment motion, the court accepts the Grievance Specialist's attestations as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

his burden to show Mr. McBride didn't exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS Officer Heavilin's motion for summary judgment (ECF 18); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Heavilin and against Curtis L. McBride and to close this case.

SO ORDERED on June 27, 2023

                                          s/ Robert L. Miller, Jr.
                                          JUDGE
                                          UNITED STATES DISTRICT COURT